IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT MEADOWS,                          )
                                         )
                    Plaintiff,           )        Civil Case No. 05-6268-KI
                                         )
          vs.                            )        OPINION AND ORDER
                                         )
JO ANNE B. BARNHART,                     )
Commissioner of Social Security,         )
                                         )
                    Defendant.           )


        Alan Stuart Graf
        P. O. Box 98
        Summertown, TN  38483

               Attorney for Plaintiff

        Karin J. Immergut
        United States Attorney
        District of Oregon
        Neil J. Evens
        Assistant United States Attorney
        1000 S.W. Third Avenue, Suite 600
        Portland, Oregon  97204-2902


Page 1 - OPINION AND ORDER

Nancy A. Mishalanie
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Robert Meadows brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI").  I reverse the decision of the Commissioner.

## DISABILITY ANALYSIS

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability.  42 U.S.C. § 423(a)(1).  In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act.  42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months.  42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A).  An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind

Page 2 - OPINION AND ORDER

of substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability.  The claimant has the burden of proof on the first four steps.  Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920.  First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in such activity, disability benefits are denied.  Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments.  A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities."  20 C.F.R. §§ 404.1520(c) and 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d) and 416.920(d).  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past.  If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied.  20 C.F.R. §§ 404.1520(e) and 416.920(e).

Page 3 - OPINION AND ORDER

If the claimant is unable to perform work performed in the past, the Commissioner

proceeds to the fifth and final step to determine if the claimant can perform other work in the

national economy in light of his or her age, education, and work experience.  The burden shifts to

the Commissioner to show what gainful work activities are within the claimant's capabilities.

Bustamante, 262 F.3d at 954.  The claimant is entitled to disability benefits only if he is not able

to perform other work.  20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial

evidence and is based on correct legal standards.  Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1

(9th Cir. 2005).  Substantial evidence is more than a "mere scintilla" of the evidence but less than

a preponderance.  Id.  "[T]he commissioner's findings are upheld if supported by inferences

reasonably drawn from the record, and if evidence exists to support more than one rational

interpretation, we must defer to the Commissioner's decision."  Batson v. Barnhart, 359 F.3d

1190, 1193 (9th Cir. 2003) (internal citations omitted).

## THE ALJ'S DECISION

The ALJ found that Meadows had severe impairments of congestive heart failure, dilated

cardiomyopathy, diabetes mellitus, hepatitis C, myofascial back pain, and cirrhosis.  However,

the ALJ also found that these impairments, either singly or in combination, were not severe

enough to meet or medically equal the requirements of any of the impairments listed in

Appendix 1, Subpart P of the Social Security Regulations.  The ALJ rejected some of the medical

opinions and also rejected the credibility of Meadows and his witnesses to extent that their

opinions were inconsistent with the residual functional capacity to lift and carry no more than

10 pounds frequently with an occasional 20 pound maximum; limited from prolonged standing or walking but capable to stand or walk at least 2 hours in an 8 hour work day; and limited to occasional stair climbing, balancing, kneeling, crouching, and crawling.  Based on expert testimony, the ALJ found that Meadows could perform work as a bench assembler, chain stitch sewing machine operator, and cashier II and thus was not disabled under the Act.

## FACTS

Meadows, who was 51 years old at the time of the hearing, has a GED and work experience as a seed packer/seed mixer, janitor/handyman, construction worker, service station attendant, and cannery worker.  He alleges that he became disabled on July 1, 2001.

Meadows claims that 30 minutes of activity causes him to rest due to fatigue, chest pain, and breathlessness.  The chest pain and shortness of breach can also occur when Meadows is resting.  He feels some level of pain most of the time.  At the time of the hearing, Meadows had been volunteering at his church, doing remodeling work for about two hours a day, three days a week.  His symptoms limited the time that he could stay on task without resting.  Meadows lies down to rest for two hours a day.

## DISCUSSION

I.    Credibility Determination

The ALJ discredited Meadows' testimony on his ability to work to the extent that it was inconsistent with the ALJ's determination that Meadows could perform light work with additional limitations.

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis.  In the first stage, the claimant must (1) produce

objective medical evidence of one or more impairments; and (2) show that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. Smolen v. Chater, 80 F.3d 1273, 1281-82 (9th Cir. 1996). The claimant is not required to produce objective medical evidence of the symptom itself, the severity of the symptom, or the causal relationship between the medically determinable impairment and the symptom. The claimant is also not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. Id. at 1282. In the second stage of the analysis, the ALJ must assess the credibility of the claimant's testimony regarding the severity of the symptoms. If there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony only if the ALJ makes specific findings stating clear and convincing reasons for the rejection, including which testimony is not credible and what facts in the record lead to that conclusion. Id. at 1284.

The ALJ found that Meadows gave inconsistent dates as to when he last worked. I agree with Meadows that the ALJ misinterpreted Meadows' statement on his application for benefits to mean that he last worked in July 2001. The application actually states that Meadows last became able to work, not that he last worked, in July 2001. The letter discussing Meadows' volunteer repair work at his church is ambiguous as to the time that he did the part-time work and only discusses a maximum of eight hours a week. Some of the other records referred to by the ALJ do not state information about the amount of construction work Meadows performed at particular times. Overall, the ALJ did not properly analyze the record in this regard.

Page 6 - OPINION AND ORDER

The ALJ also notes that two treating medical sources stated that Meadows' allegations of chest pain are not related to a cardiac impairment. That does not mean the sources believed that Meadows was making up the symptom, however. They were attributing it to other causes.

I find that the ALJ has not stated clear and convincing reasons for partially rejecting Meadows' credibility.

II.    Admitted Errors

The Commissioner concedes that the ALJ referred to the New York Heart Association criteria but did not include the criteria in the record and provided no explanation of what the criteria means or how it relates to a functional capacity assessment. Similarly, the ALJ refers to Meadows' "7 METS on a cardiac treadmill" without explanation of how this test result relates to his functional capacity. The Commissioner also concedes that Meadows' work history is not clear on the current record. To correct these errors, the ALJ seeks a remand for further hearing to address numerous issues.

Meadows seeks a remand with a finding of disability as of his 50th birthday on June 30, 2002, based on the grids, and further hearing for the time before then.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen, 80 F.3d at 1292. The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of

whether the ALJ might have articulated a justification for rejecting the evidence.  Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000).

The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit, however.  Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).  The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant.  Id.  On the other hand, "in the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony, remand for an immediate award of benefits is appropriate."  Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

It is unclear from the record how Meadows' impairments affect his functional capacity.  I agree with the Commissioner, however, that it is not clear that the ALJ would have to find Meadows disabled, even if his symptom testimony is taken as true.  Thus, there are issues to be resolved prior to a decision.  I will reverse and remand for further proceedings, adopting the Commissioner's suggestions as to what should occur:

(1) Hold a new hearing;

(2) Further evaluate Meadows' cardiovascular impairment, clarifying his limitations with his cardiologist and, if necessary, obtain evidence from a medical expert;

(3) Re-evaluate Meadows' credibility and the lay testimony;

(4) Further consider Meadows' maximum sustained residual functional capacity;

(5) Secure supplemental vocational expert testimony, if warranted; and

(6) Evaluate Meadows' claim at steps four and five of the sequential evaluation process.

## CONCLUSION

Defendant's Motion to Remand (#21) is granted.  The decision of the Commissioner is reversed.  This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above.  Judgment will be entered.

IT IS SO ORDERED.

Dated this ____24th_____ day of January, 2007.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge